UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVSION

**VOTAR, L.L.C.,**

       Plaintiff,

vs.

**HS R & A, LTD.,**

Defendant.

Case No. 05-60125
Hon. John Corbett O'Meara
Magistrate Judge Wallace Capel, Jr.

---

Randall J. Gillary (P 29905)
Kevin P. Albus (P 53668)
Randall J. Gillary, P.C.
Attorneys for Plaintiff
201 W. Big Beaver Rd., Ste. 1020
Troy, MI 48084
(248) 528-0440

John A. Libby (P 33641)
Law Offices Of John A. Libby, P.C.
Attorney for Defendant
3150 Livernois, Ste. 118
Troy, MI 48083
(248) 619-1734

---

**FIRST AMENDED COMPLAINT
AND JURY DEMAND**

      NOW COMES Plaintiff, Votar, L.L.C., by and through its attorneys, Randall J. Gillary, P.C., who complains against Defendant, HS R & A, Ltd., as follows:

**JURISDICTIONAL ALLEGATIONS**

      1.     Plaintiff, Votar, L.L.C. (hereinafter "Votar"), is a Michigan limited liability company with its principal place of business located in Bloomfield Hills, Michigan. Plaintiff is an independent manufacturer's sales representative in the automotive industry.

LAW OFFICES OF
RANDALL J. GILLARY, P.C.
COLUMBIA CENTER
201 W. BIG BEAVER ROAD
SUITE 1020
TROY, MI 48084

(248) 528-0440
FAX (248) 528-3412

2. Defendant, HS R & A, Ltd. (hereinafter "HSRA") is a South Korean business entity, with its principal place of business located in South Korea. HSRA is a manufacturer of automotive parts.

3. Defendant HSRA conducts business in Wayne County, Michigan.

4. The amount in controversy is in excess of $25,000, exclusive of costs, interest and attorney fees.

## COUNT I – BREACH OF EXCLUSIVE SALES REPRESENTATIVE AGREEMENT BY HSRA

5. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 6 as if the same were fully set forth herein.

6. On or about April 9, 2001, Votar and HSRA entered into a written Exclusive Sales Representative Agreement, a copy of which is attached hereto as Exhibit A.

7. Pursuant to the Exclusive Sales Representative Agreement, Votar was appointed as the exclusive sales representative for HSRA in North America.

8. Pursuant to the following language from Exclusive Sales Representative Agreement, Votar was to be HSRA's only sales representative in the North American territory, and was to be paid commissions on any and all sales occurring in the assigned territory:

> [HSRA] agrees to refer to Votar any and all correspondence, inquiries, solicitations and orders pertaining to the sale of its products in the Territory. In the event of any direct or indirect sale by [HSRA] of its products in the Territory, Votar shall be entitled to its normal commission(s) under this Agreement for such sale. [HSRA] agrees not to sell its products in the Territory through any other sales representative.

See Exhibit A, ¶ C.1.

9. The Exclusive Sales Representative Agreement also included the following language concerning the commissions to be paid to Votar:

> D. <u>Compensation</u>
>
> 1. <u>Commissions</u>
>
> The HS agrees to compensate Votar at the following commission rates for any and all products sold by the HS in the Territory, as a result of, in whole or in part, the activities or services performed by Votar under this Agreement.
>
> The business which Votar cannot collect commission is as follows:
>
> 1) Votar will not be paid commission on carry over business which is used in the territory, but has originated outside of the North America market.
>
> 2) Votar will not be paid commission for business HS has with Mando machinery and Halla Climate control which originates and is used within the territory.
>
> (a) A commission of four percent (4%) is to be paid to Votar on the initial Ten Million Dollars ($10,000,000.00) of sales each year. The calculation of this commission structure ($10,000,000.00 x 4%) will be applied on the initial Ten million Dollars ($10,000,000.00) in sales attained from January 1st to December 31st of each year.
>
> (b) A commission of 2.5 percent (2.5%) is to be paid to Votar on sales between Ten Million Dollars ($10,000,000.00) and Twenty Million Dollars ($20,000,000.00) of each year. The calculation of this commission structure {($20,000,000.00-$10,000,000.00) x 2.5%} will applied on the sales attained from January 1st to December 31st of each year.
>
> (c) A commission of two percent (2%) is to be paid to Votrar for all remaining sales in excess of 20 Million Dollars ($20,000,000.00) for each year. The calculation of this commission structure {(Total annual sales volume - $20,000,000.00) x 2.0%} is for sales attained from January 1st to December 31st of each year.

See Exhibit A, ¶ D.1.

10. In addition to the commissions set forth above, HSRA agreed to pay Votar a "Monthly Sales Development Retainer Fee" in the amount of $3,000.00 per month. See Exhibit A, ¶ D.4.

11. Pursuant to its express terms, the term of the Exclusive Sales Representative Agreement was for an initial period of five years. Thereafter, the Agreement was to automatically renew for successive five year periods unless either party provided written notice of its intention to terminate the Agreement to the other party at least 90 days prior to the expiration of a contract term. See Exhibit A, ¶ E.1.

12. Defendant HSRA has breached the Exclusive Sales Representative Agreement by failing to pay Plaintiff Votar all of the amounts due under the terms of the Agreement.

13. Defendant HSRA has breached the Exclusive Sales Representative Agreement by hiring another sales representative to solicit business in Plaintiff's exclusive territory.

14. As a direct and proximate result of Defendant HSRA's breaches of the Exclusive Sales Representative Agreement, Plaintiff Votar has been damaged in an amount in excess of $25,000, exclusive of costs, interest and attorney fees.

WHEREFORE Plaintiff Votar demands judgment in its favor against Defendant HSRA in any amount in excess of $25,000 to which Plaintiff is found to be entitled, plus costs, interest and attorney fees.

## COUNT II – DECLARATORY JUDGMENT

15. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 as if the same were fully set forth herein.

16. An actual controversy exists between Plaintiff Votar and Defendant HSRA with regard to Defendant HSRA's continuing liability for future sales commissions.

17. Pursuant to MCR 2.605, in the event of an actual controversy this Court may declare the rights and other legal relations of the interest parties.

18. Plaintiff seeks a declaration from this Court regarding Defendant HSRA's continuing liability for future sales commissions to Plaintiff Votar.

WHEREFORE, Plaintiff requests this honorable to Court to enter a judgment declaring the rights and other legal relations of the parties with regard to Defendant HSRA's continuing liability for future sales commissions to Plaintiff Votar.

### COUNT III – TORTIOUS INTERFERENCE WITH CONTRACT BY HSRA

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 as if the same were fully set forth herein.

20. On or about November 2, 1999, Plaintiff Votar entered into a written Employment Agreement with Defendant Keon Ho Lee. See Exhibit B.

21. Pursuant to the terms of the Employment Agreement, Defendant Lee was hired as Votar's Vice President of Sales and Engineering. See Exhibit B, ¶ 1.a.

22. The Employment Agreement provided for an initial term of four years. See Exhibit B, ¶ 3.

23. Among other things, the Employment Agreement contained the following covenant not to compete:

> Covenant Not to Compete. Following the termination of employment of Employee for whatever reason:

    a.    Employee cannot directly or indirectly engage in the solicitation of Employer's principal(s) at the customer base under contract with Votar at the time of termination;

    b.    For a period of one year, Employee cannot represent any company(ies) whose products are competitive with the business of Employer in the industry(ies) the Employer operates in at the time of termination;

    c.    Any profit sharing which may be agreed upon in the future is forfeited if the Employee competes directly with Votar's principal(s) or is in violation of this covenant not to compete.

    d.    Employee agrees that this Covenant Not to Compete applies to the geographical area ("Restricted Area") in which Votar conducts its business. The Employee agrees that the Restricted Area set forth in this clause is divisible so that if this clause is invalid or unenforceable in an included geographic area, that portion of the Restricted Area is severable and this clause remains in effect for the remaining included geographic areas in which the clause is valid.

    e.    Employer shall be entitled to injunctive relief in the form of a temporary restraining order, preliminary injunction and/or permanent injunction in the event of a violation of this covenant. The parties acknowledge that Employer has no adequate remedy at law and will be irreparably harmed in the event of such violation.

See Exhibit B, ¶ 10.

    24.    Defendant HSRA was aware of the Employer-Employee relationship between Plaintiff Votar and Defendant Lee.

    25.    During the employment relationship between Plaintiff Votar and Defendant Lee, Defendant Lee's responsibilities including calling upon the Ford Motor Company as a sales representative to attempt to procure business for Defendant HSRA.

    26.    On or about December 15, 2002, Defendant Lee provided notice to Plaintiff Votar that he was terminating the employment relationship.

27. On or about January 1, 2003, Defendant Lee began working directly for Defendant HSRA. Upon information and belief, Defendant Lee's new position with HSRA is General Manager of Sales and Engineering. In his new position with HSRA, Defendant Lee has continued to call upon the Ford Motor Company as a sales representative attempting to procure business for HSRA.

28. Upon information and belief, Defendant HSRA was aware of the Employment Agreement, and specifically the covenant not to compete, between Plaintiff Votar and Defendant Lee.

29. Defendant HSRA intentionally interfered with the relationship between Plaintiff Votar and Defendant Lee by offering employment to Lee.

30. As a result of Defendant HSRA's intentional interference, Defendant Lee has breached the Employment Agreement and the covenant not to compete.

31. As a direct and proximate result of Defendant HSRA's intentional interference, Plaintiff Votar has been damaged in an amount in excess of $25,000, exclusive of costs, interest and attorney fees.

WHEREFORE Plaintiff Votar demands judgment in its favor against Defendant HSRA in any amount in excess of $25,000 to which Plaintiff is found to be entitled, plus costs, interest and attorney fees.

**COUNT IV – VIOLATION OF MICHIGAN**
**SALES REPRESENTATIVES COMMISSION ACT**

32. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31 as if the same were fully set forth herein.

33. Defendant HSRA has violated the Michigan Sales Representatives Commission Act, MCL 600.2961, by failing to pay, intentionally or otherwise, sales commissions to Plaintiff within the time limits prescribed therein.

34. As a direct and proximate result of Defendant HSRA's violation of the Michigan Sales Representatives Commission Act, Plaintiff Votar has been damaged in an amount in excess of $25,000, exclusive of costs, interest and attorney fees.

WHEREFORE Plaintiff Votar demands judgment in its favor against Defendant HSRA in any amount in excess of $25,000 to which Plaintiff is found to be entitled, plus costs, interest and attorney fees.

                                            Respectfully submitted,

                                            Randall J. Gillary, P.C.

By:    s/Kevin P. Albus
       Randall J. Gillary (P 29905)
       Kevin P. Albus (P 53668)
       Attorneys for Plaintiff
       201 W. Big Beaver Rd., Ste. 1020
       Troy, MI 48084
       (248) 528-0440

Date: August 4, 2005

**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Votar, L.L.C., by and through its attorneys, Randall J. Gillary, P.C., who respectfully demands a trial by jury in the above-captioned cause.

        Respectfully submitted,

        Randall J. Gillary, P.C.

        By:    s/Kevin P. Albus
                Randall J. Gillary (P 29905)
                Kevin P. Albus (P 53668)
                Attorneys for Plaintiff
                201 W. Big Beaver Rd., Ste. 1020
                Troy, MI  48084
                (248) 528-0440

Date:   August 4, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: N/A.

I further certify that on August 4, 2005, I served a copy of the foregoing paper on the following attorneys of record by first class mail:

**John A. Libby**
John A. Libby Assoc.
3150 Livernois
Suite 118
Troy, MI 48083

                                                   s/Kevin P. Albus
                                                   Randall J. Gillary (P 29905)
                                                   Kevin P. Albus (P 53668)
                                                   Attorneys for Plaintiff
                                                   201 W. Big Beaver Rd., Ste. 1020
                                                   Troy, MI  48084
                                                   (248) 528-0440
                                                   rgillary@gillarylaw.com
                                                   kalbus@gillarylaw.com