UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VOTAR, L.L.C.,

    Plaintiff,                                 Case No. 05-60125

v.                                              Honorable John Corbett O'Meara

HS R & A, LTD.,

    Defendant.
_____/

**OPINION AND ORDER**
**DENYING PLAINTIFF'S DECEMBER 1, 2005 MOTION TO REMAND**

This matter came before the court on plaintiff Votar's December 1, 2005 motion to remand. Defendant HS R & A filed a response December 14, 2005. No reply was filed; and oral argument was heard February 22, 2006.

**BACKGROUND FACTS**

Plaintiff filed its original complaint in this matter October 29, 2003. Defendants HS R & A removed the action to this court November 26, 2003; and the case was assigned to this court as Case No. 03-74809.

After removal, defendant Lee, an individual, filed a motion to dismiss, seeking dismissal of the claim against him based on the arbitration clause contained in the employment agreement. Before that motion was heard, the court issued an order directing Defendants to show cause why the action should not be remanded for lack of subject matter jurisdiction based on lack of diversity of citizenship. Defendants claimed that defendant Lee had been fraudulently joined and that his citizenship should be disregarded for diversity purposes. The court rejected that argument and remanded the case to the Circuit Court for the County of Wayne, Michigan, on September 24, 2004.

The state court heard defendant Lee's motion to dismiss and entered an order dismissing all claims against Lee on April 14, 2005. Within 30 days, Defendant again removed the action to this court, where it was reassigned as a companion to the previous case. Plaintiff filed this motion to remand December 1, 2005.

## LAW AND ANALYSIS

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

The exception to the one-year limitation is a case involving fraudulent joinder. If the court finds that the non-diverse defendant was fraudulently joined and the case was originally removable, the case may be removed even after a year. Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527 (6th Cir. 1999). In determining whether a party was fraudulently joined, the court must decide whether it was clear that there could be no recovery against the non-diverse defendant under state law. Alexander v. Electronic Data Sys., 12 F.3d 940 (6th Cir. 1994).

In this case Keon Ho Lee was a named defendant in the original complaint filed in Wayne Count Circuit Court on October 29, 2003. In that complaint, plaintiff Votar sought monetary damages from HS R & A for breach of an exclusive sales representative agreement and for tortious interference with an employment contract. No monetary damages were sought from Lee. Votar also sought injunctive relief in the original complaint. That action was removed to this court on November 26, 2003. Ten days later HS R & A answered the complaint and Lee moved to dismiss

based on his argument that any claims against him were subject to an enforceable arbitration provision.

Votar argued that the arbitration clause did not cover the claims for injunctive relief. This court concluded that the state court should determine whether to grant Lee's motion to dismiss and remanded the matter to state court. The state court granted Lee's motion to dismiss; and within 30 days of that ruling, HS R & A again removed the action to this court.

There being no colorable claim alleged against defendant Lee at the time of removal and none alleged in Plaintiff's amended complaint, the court finds that defendant Lee was fraudulently joined to defeat diversity of citizenship. Accordingly, the court will deny Plaintiff's motion to remand.

## ORDER

It is hereby **ORDERED** that Plaintiff's December 1, 2005 motion to remand is **DENIED.**


       s/John Corbett O'Meara
       John Corbett O'Meara
       United States District Judge

Dated: February 24, 2006