UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVSION

**VOTAR, L.L.C.,**

      Plaintiff,

**vs.**

**HS R & A, LTD.,**

Defendant.

Case No. 05-60125
Hon. John Corbett O'Meara
Magistrate Judge Wallace Capel, Jr.

---

Randall J. Gillary (P 29905)
Kevin P. Albus (P 53668)
Randall J. Gillary, P.C.
Attorneys for Plaintiff
201 W. Big Beaver Rd., Ste. 1020
Troy, MI 48084
(248) 528-0440

John A. Libby (P 33641)
Law Offices Of John A. Libby, P.C.
Attorney for Defendant
3150 Livernois, Ste. 118
Troy, MI 48083
(248) 619-1734

---

LAW OFFICES OF
RANDALL J. GILLARY, P.C.
COLUMBIA CENTER
201 W. BIG BEAVER ROAD
SUITE 1020
TROY, MI 48084

(248) 528-0440
FAX (248) 528-3412

**PLAINTIFF'S MOTION FOR
SETTLEMENT OF ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

NOW COMES Plaintiff, Votar, L.L.C., by and through its attorneys, Randall J. Gillary, P.C., who moves this honorable Court for entry of the Order Granting In Part and Denying In Part Plaintiff's Motion to Compel Discovery.

Numerous telephone conferences have taken place between the attorneys concerning the relief requested in this motion, and numerous e-mails have been exchanged by the attorneys concerning the relief requested in. However, the parties have been unable to agree to the terms

of the Order Granting In Part and Denying In Part Plaintiff's Motion to Compel Discovery, making this motion necessary.

        Respectfully submitted,

        s/Kevin P. Albus
        Randall J. Gillary, P.C.
        201 W. Big Beaver Rd., Ste. 1020
        Troy, MI  48084
        (248) 528-0440
        kalbus@gillarylaw.com
        Michigan Bar No. P53668

Date:   May 3, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVSION

**VOTAR, L.L.C.,**

      Plaintiff,

**vs.**

**HS R & A, LTD.,**   Case No. 05-60125
  Hon. John Corbett O'Meara
  Magistrate Judge Wallace Capel, Jr.

Defendant.

---

Randall J. Gillary (P 29905)   John A. Libby (P 33641)
Kevin P. Albus (P 53668)   Law Offices Of John A. Libby, P.C.
Randall J. Gillary, P.C.   Attorney for Defendant
Attorneys for Plaintiff   3150 Livernois, Ste. 118
201 W. Big Beaver Rd., Ste. 1020   Troy, MI 48083
Troy, MI 48084   (248) 619-1734
(248) 528-0440

---

**BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SETTLEMENT OF ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

LAW OFFICES OF
RANDALL J. GILLARY, P.C.
COLUMBIA CENTER
201 W. BIG BEAVER ROAD
SUITE 1020
TROY, MI 48084

(248) 528-0440
FAX (248) 528-3412

## ISSUES PRESENTED

I.    Should the attached Order Granting In Part and Denying In Part Plaintiff's Motion to Compel Discovery be entered where the Order accurately reflects the Court's ruling on Plaintiff's Motion to Compel Discovery?

## CONTROLLING AUTHORITY

F.R.Civ.P. 26

Local Rule 58.1

## RELEVANT FACTS AND ARGUMENT

On March 21, 2006, the parties were before the Court for a hearing on Plaintiff's Motion to Compel Discovery. At the conclusion of the hearing, the Court instructed counsel for the respective parties to collaborate on an order and submit the order to the Court for entry. The parties were initially unable to work out the terms of the order, and copy of the hearing transcript was ordered. Although the transcript has been prepared and reviewed by the parties, the parties remain unable to agree to the terms of the proposed Order Granting In Part and Denying In Part Plaintiff's Motion to Compel Discovery. A copy of the transcript is attached hereto as Exhibit A, and copy of Plaintiff's proposed Order Granting In Part and Denying In Part Plaintiff's Motion to Compel Discovery is attached hereto as Exhibit B.

The following is a brief synopsis of the issues the parties have been unable to resolve.

1. **Plaintiff's First Discovery Request # 7 and Plaintiff's Second Request for Production of Documents # 5.** In these two separate requests, Plaintiff essentially set forth a request for production of all correspondence between Defendant and Mr. Lee from November 2, 1999 through the present. During the motion hearing, the Court limited this request only in scope of time, and ordered that any communications between Defendant and Mr. Lee from April 9, 2001 and forward would be relevant. See Transcript, page 28, line 23 through page 31, line 25.

Although nothing in the Court's ruling indicates any such restriction, Defendant has insisted that the Order include a provision limiting Defendant's response to production of any correspondence inducing Mr. Lee to leave Votar, and to any correspondence relating to customers that Votar called on prior to Defendant's breach of the Exclusive Sales Representative Agreement. While the transcript includes some discussion limiting the response

1

to customers called upon by Mr. Lee and others in his department, there is absolutely no indication that the Court limited any of the requests to customers that were called upon by Votar prior to Defendant's breach of the contract.

2.      **Plaintiff's Second Request for Production of Documents # 6.**  In this request, Plaintiff sought production of any and all proposed contracts, agreements or amendments, as well as any actual contracts, agreements or amendments between Defendant and Mr. Lee. During the motion hearing, Defendant's counsel stated that Defendant would "re-answer" this request. See Transcript, page 32, lines 1 through 8. In subsequent discussion concerning the proposed order, however, Defendant's counsel has indicated that it will only state that there is no written agreement between Defendant and Mr. Lee. The position taken by Defendant's counsel indicates that Defendant will refuse to produce any draft or proposed agreements between Defendant and Mr. Lee, all of which clearly come within the scope of Plaintiff's request.

3.      **Plaintiff's Second Request for Production of Documents # 7.**  In this request, Plaintiff asked Defendant to produce copies of any contracts, agreements or amendments, as well as any proposed contracts, agreements, or amendments with any sales representatives other than Plaintiff or Mr. Lee. At the motion hearing, the Court clearly stated that "any contracts with any other people that were doing the same work that would have fallen under the contract . . . would be relevant." See Transcript, page 33, lines 8 through 17. In this case, the "work under the contract" was acting as a sales representative for Defendant's products in North America. Although the Court's ruling clearly indicates that the requested documents

should be produced for all other sales representatives in North America, Defendant has insisted on language in the order that would limit the production to contracts and agreements with sales representatives "who have provided those services that would have been provided by Votar". Defendant's proposed language would leave too much discretion to Defendant to decide whether Votar "would have" done the same work as some other sales representative in North America. The Court's ruling clearly indicated that the agreements and proposed agreements should be produced for all sales representatives performing work in North America.

**Place of Production of Documents.** Finally, Defendant's proposed order indicates that Defendant intends to produce some of the requested documents for inspection and copying at its offices in South Korea. This has been confirmed by Defendant's counsel. Defendant has also requested language in the order indicating that the requested records would be produced "at the offices where they are maintained in the ordinary course of business".

F.R.Civ.P. 26(c)(2) provides that the Court may designate the time and place for production of requested discovery. In accordance with this rule, Plaintiff's proposed order includes a provision requiring Defendant to make all of the documents which are to be produced available for inspection and copying at a reasonable location within the Eastern District of Michigan. Allowing Defendant to produce documents for inspection in South Korea would be the equivalent of allowing Defendant to completely withhold the requested documents, as it will be cost prohibitive for Plaintiff to send a representative to South Korea to review the documents.

**CONCLUSION**

For the reasons set forth above, Plaintiff requests this honorable Court to enter the Order Granting In Part and Denying In Part Plaintiff's Motion to Compel Discovery which is attached hereto as Exhibit B.

                                              Respectfully submitted,

                                              s/Kevin P. Albus
                                              Randall J. Gillary, P.C.
                                              201 W. Big Beaver Rd., Ste. 1020
                                              Troy, MI  48084
                                              (248) 528-0440
                                              kalbus@gillarylaw.com
                                              Michigan Bar No. P53668

Date:   May 3, 2006

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 3, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

John A. Libby (P 33641)
Law Offices of John A. Libby, P.C.
3150 Livernois, Ste. 118
Troy, MI  48083
(248) 619-1734
jalibby@jalibby.com

                                        s/Kevin P. Albus
                                        Randall J. Gillary, P.C.
                                        201 W. Big Beaver Rd., Ste. 1020
                                        Troy, MI  48084
                                        (248) 528-0440
                                        kalbus@gillarylaw.com
                                        Attorney Bar No. P53668