UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VOTAR, L.L.C.,

          Plaintiff(s),         CASE NO.:5:05-CV-60125-AA

vs.                                  HON. JOHN CORBETT O'MEARA
                                       MAG. JUDGE WALLACE CAPEL

HS R & A, LTD.,

          Defendant(s).
_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR REHEARING OR FOR RECONSIDERATION
## AND
## ORDER FOR SUPPLEMENTAL BRIEFS

This matter is before the Court on the Plaintiff's "Motion For Rehearing Or Reconsideration Of Plaintiff's Motion To Compel Discovery," filed on May 3, 2006.

Having reviewed and considered the motion for rehearing or reconsideration, the Court is inclined to deny the Plaintiff's motion for rehearing or reconsideration of the rulings made by the Court at the hearing held on March 21, 2006. In its motion, the Plaintiff contends that the Court should either grant a rehearing or reconsideration of the motion because the Court's ruling was based on a mistake of fact regarding the nature and terms of the Exclusive Sale Representative Agreement.

A motion for reconsideration will not be granted if the motion "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). In the instant matter before the Court, the Defendant has not demonstrated any palpable

defect by which the Court and the parties were misled.

The Plaintiff contends that at the hearing the Court directed its focus towards Mr. Lee and his activities as a sales representative while employed with the Plaintiff and thereafter as an employee of the Defendant, and that Plaintiff could obtain discovery relating to any sales that Mr.Lee or other persons in his department may have been involved in during the time period relevant to this action. Plaintiff states that Mr. Lee was not the only person who was attempting to obtain business contacts while employed with Plaintiff, but that the President and owner of the company, Peter Ulrich, was in fact the person who performed the majority of the sales work to obtain new business for the Plaintiff. The Plaintiff further states that Mr. Lee was in the process of being trained in sales techniques by Mr. Ulrich on a vast majority of the sales calls conducted.

Additionally, the Plaintiff states that the ruling made by the Court presumes that those matters that Mr. Lee was engaged in after his employment with the Defendant are the same that he would have been involved in had he remained an employee of the Plaintiff. Plaintiff contends that this fails to take into account potential sales that Mr. Ulrich would have worked on without Mr. Lee, or by other persons subsequently hired by Plaintiff to explore new business.

A review of the hearing transcript in this matters indicates that the issue of the Exclusive Sales Contract was discussed at length as well as who may have been involved in garnering new business for the Plaintiff. It further appears that the Plaintiff specifically raised the issue of obtaining discovery concerning information regarding Mr. Lee, the potential business contracts that he may have generated, and his relationship with the Defendant. Further, the record indicates that there was a discussion concerning other contracts, including the Ford LS 206 program and whether there may be a dispute as to whether Mr. Ulrich or Mr. Lee got that contract. At no point during

the hearing was the Plaintiff excluded from raising other discovery issues. Nor did the Plaintiff raise the issue that Mr. Ulrich was involved in mentoring Mr. Lee while employed at Votar, L.L.C. The Court's ruling evolved out of the discussion and arguments put forth by counsel in oral argument. The Court focused in on Mr. Lee, because it appeared from the arguments of counsel, that Mr. Lee was a prime part, although not the only part of the discovery issues being presented.

Accordingly, the Court finds that there was no mistake made at this hearing and the motion for rehearing or reconsideration will be denied. However, the Court does find that the it appears from this motion that Plaintiff is raising a new issue concerning whether Mr. Lee was the only person who may have provide services as a sales representative in North America after the Defendant had breached the contract. In light of that new issue, the Court will permit the parties to submit Supplemental Briefs on this issue.

**IT IS HEREBY ORDERED** that the motion for rehearing or reconsideration is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Plaintiff may file a Supplemental Brief on the issues concerning persons other than Mr. Lee who may have provided sales representative services under the Exclusive Sales Representative Agreement, and whether Mr. Lee could have provided sales representative services in North America after the Defendant breached the Agreement. The Plaintiff's Supplemental Brief shall be filed within **10 DAYS** after receipt of this Order. The Defendant's Supplemental Brief shall be filed within **10 DAYS** after receipt of the Plaintiff's brief. Upon review of this matter, the Court will determine if a subsequent hearing is necessary on this issue.

**IT IS SO ORDERED.**

The parties are hereby informed that any objection to this order must be filed with the district

court within 10 days after service thereof, pursuant to Rule 72(a), Federal Rules of Civil Procedure.

**DATED: May 11, 2006**     s/ Wallace Capel, Jr.
                            **WALLACE CAPEL, JR.**
                            **UNITED STATES MAGISTRATE JUDGE**

### CERTIFICATION OF SERVICE

I hereby certify that on May 11, 2006  ,I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Kevin P. Albus, Randall J. Gillary, John A. Libby  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable .

                            s/ James P. Peltier
                            James P. Peltier
                            Courtroom Deputy Clerk
                            U.S. District Court
                            600 Church St.
                            Flint, MI 48502
                            810-341-7850
                            pete_peltier@mied.uscourts.gov