UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VOTAR, L.L.C.,

    Plaintiff,                                                  Case No. 05-60125

v.                                                       Honorable John Corbett O'Meara

HS R & A, LTD.,

    Defendant.

                                               /

**OPINION AND ORDER SETTING ASIDE THE MAGISTRATE JUDGE'S
MAY 9, 2006 ORDER; SETTING ASIDE THE MAGISTRATE JUDGE'S MAY 11, 2006
ORDER; AND SETTING ASIDE THE MAGISTRATE JUDGE'S JULY 5, 2006
FURTHER ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter came before the court on plaintiff Votar's July 24, 2006 objections to the Magistrate Judge's July 5, 2006 Further Order Denying Plaintiff's Motion for Rehearing or Reconsideration; the Magistrate Judge's May 9, 2006 Order Granting in Part and Denying in Part Plaintiff's Motion to Compel; and the Magistrate Judge's May 11, 2006 Order Denying Plaintiff's Motion for Reconsideration of the May 9, 2006 Order. Defendant HS R & A filed a response August 7, 2006; and Plaintiff filed a reply brief August 17, 2006. No oral argument was heard.

**BACKGROUND FACTS**

During discovery in this case involving a dispute over sales commissions, Plaintiff sought the production of information and documents relating to all of Defendant's sales of its products to customers and accounts located in North America with regard to purchase orders issued during the initial five-year term of the agreement between Plaintiff and Defendant. Defendant refused to produce the information, and Plaintiff filed a motion to compel. The magistrate judge granted in part and denied in part the motion to compel, limiting the scope of Defendant's production to documents

and information relating to programs that only Mr. Lee and his department were involved with and not other sales in North America. The magistrate judge's order, however, did not preclude Plaintiff from pursuing broader discovery at a later date.

Plaintiff filed a motion for rehearing and reconsideration of the order. Although the magistrate judge denied the motion, he ordered the parties to file supplemental briefs on the issue of whether sales representatives other than Mr. Lee provided services for Defendant in North America following Defendant's termination of the parties' agreement. Another hearing followed the filing of the supplemental briefs, and the magistrate judge again denied without prejudice Plaintiff's motion to compel.

## **LAW AND ANALYSIS**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(A), and LR 72.1(d)(E.D. Mich. Sept. 8, 1998), the district court shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1).

In its First Amended Complaint, Plaintiff has alleged that Defendant breached the Exclusive Sales Representative Agreement in two ways:  1) by failing to pay Plaintiff sales commissions on all of its direct or indirect sales in North America, and 2) by hiring another sales representative to solicit business in Plaintiff's exclusive territory.  The court finds that the discovery which Plaintiff is attempting to obtain is relevant to the claims set forth in the First Amended Complaint.  Therefore, the rulings of the magistrate judge are clearly erroneous.

## ORDER

It is hereby **ORDERED** that the following orders of the magistrate judge, to the extent they do not comport with the finding of this court, are **SET ASIDE**:  the July 5, 2006 Further Order Denying Plaintiff's Motion for Rehearing or Reconsideration; the May 9, 2006 Order Granting in Part and Denying in Part Plaintiff's Motion to Compel; and the May 11, 2006 Order Denying Plaintiff's Motion for Reconsideration of the May 9, 2006 Order.


s/John Corbett O'Meara
United States District Judge


Dated: November 09, 2006


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 12, 2006, by electronic and/or ordinary mail.


s/William Barkholz
Case Manager

3