
Williston on Contracts
Database updated July 2006

Richard A. Lord
Chapter 39. Excuses for Nonperformance: Concepts of Prevention, Waiver, and Repudiation
II. Prevention

References

**§ 39:3. Generally**

**West's Key Number Digest**

West's Key Number Digest, 95TT_Contracts 95k278(.5), 95k303(1)

**Legal Encyclopedias**

> Am. Jur. 2d, Contracts §§ 684 to 686
> C.J.S., Contracts §§ 528, 531

**Treatises and Practice Aids**

> Williston on Contracts 4th—Forms §§ 39F:2 to 39F:4

It is a general principle of contract law that if one party to a contract hinders, prevents, or makes impossible performance by the other party, the latter's failure to perform will be excused.[FN24] This general principle has been referred to as the "doctrine of prevention."[FN25] Under the doctrine, a contracting party whose performance of his or her promise is prevented by the other party is not obligated to perform,[FN26] and is excused from any further offer of performance.[FN27] In turn, the preventing party is not allowed to recover damages for the resulting nonperformance or otherwise benefit from his or her own wrongful acts.[FN28]

Where a promisor prevents, hinders, or renders impossible the occurrence of a condition precedent to his or her promise to perform, or to the performance of a return promise, the promisor is not relieved of the obligation to perform,[FN29] and may not legally terminate the contract for nonperformance.[FN30] Furthermore, in such a case, the promisor may not invoke the other party's nonperformance as a defense when sued upon the contract.[FN31] In short, under the doctrine of prevention, where a party to a contract is the cause of the failure of the performance of the obligation due him or her, that party cannot in any way take advantage of that failure.[FN32] Similarly, a provision in a contract forbidding its modification or change except by a writing signed by both parties, coupled with a provision that no court should relieve the plaintiff from a failure to comply strictly and literally with the contract, cannot be applied where the conduct of one party to the contract has prevented compliance by the other party with the contract terms and such conduct is, therefore, the efficient cause of the failure to comply strictly and literally with the contract.[FN33]

The principle that prevention by one party excuses performance by the other applies to both the performance of a condition and of a promise, and may be laid down broadly as applying to every contract.[FN34] Whether interference by one party to a contract amounts to prevention so as to excuse performance by the other party and constitute a breach by the interfering party is a question of fact to be decided by the jury under all of the proved facts and cir-

cumstances.[FN35]

**CUMULATIVE SUPPLEMENT**

**Cases:**

Under prevention doctrine, if a promisor prevents or hinders fulfillment of a condition to his performance, the condition may be waived or excused; doctrine does not require proof that the condition to be waived or excused would have occurred "but for" the wrongful conduct of the promisor; instead, it only requires that the promisor's conduct have contributed materially to the nonoccurrence of the condition. Moore Bros. Co. v. Brown & Root, Inc., 207 F.3d 717 (4th Cir. 2000) (citing text and Restatement (Second) of Contracts § 245 and comment).

Under doctrine of prevention, when a promisor wrongfully prevents a condition from occurring that condition is excused. Mendoza v. COMSAT Corp., 201 F.3d 626 (5th Cir. 2000).

Party's good-faith cooperation is an implied condition precedent to performance of a contract, and where that cooperation is unreasonably withheld, the recalcitrant party is estopped from availing himself of his own wrongdoing. Burger King Corp. v. Weaver, 169 F.3d 1310, 43 Fed. R. Serv. 3d 448 (11th Cir. 1999), cert. dismissed, 528 U.S. 948, 120 S. Ct. 370, 145 L. Ed. 2d 287 (1999).

Prevention precludes one from asserting the other's breach, because the latter party is excused. Hermelink v. Dynamex Operations East, Inc., 109 F. Supp. 2d 1299 (D. Kan. 2000) (quoting text).

One party cannot by willful act or omission make it impossible or difficult for the other to perform and then invoke the other's nonperformance as a defense. Reust v. Alaska Petroleum Contractors, Inc., 127 P.3d 807 (Alaska 2005) (quoting text).

Where contract is performable on occurrence of future event, there is implied agreement that neither party will place any obstacle in way of happening of such event, and party who is personally cause of failure cannot rely on such condition to defeat his liability. Garner v. Hickman, 733 So. 2d 191 (Miss. 1999).

If one party to contract prevents the other's performance, it excuses the performance and provides a defense in a suit for breach by nonperformance. Barnes v. St. Joseph's Hosp., 1999 ND 204, 601 N.W.2d 587 (N.D. 1999).

If one party to the contract prevents the happening or performance of a condition precedent that is part of the contract, that action eliminates the condition precedent. Bradford Dyeing Ass'n, Inc. v. J. Stog Tech GmbH, 765 A.2d 1226 (R.I. 2001) (citing text).

**[END OF SUPPLEMENT]**

[FN24] For discussion of prevention as a breach, see § 39:3; and see the chapter on What Constitutes Breach of Contract regarding whether such conduct constitutes a breach.

**Federal:**

Nitram, Inc. v. Cretan Life, 599 F.2d 1359 (5th Cir. 1979).
National Car Rental System, Inc. v. Better Monkey Grip Co., 511 F.2d 724 (5th Cir. 1975) (citing text).
Cenco Inc. v. Seidman & Seidman, 686 F.2d 449 (7th Cir. 1982) (observing in dictum as to the defense of prevention that "[t]he corresponding defense in the case of negligence is, of course, contributory negligence").

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.