UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VOTAR, L.L.C.,

      Plaintiff,                                Case No. 05-60125

v.                                             Honorable John Corbett O'Meara

HS R & A, LTD.,

      Defendant.
                                           /

## ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT

This matter came before the court on plaintiff Votar's December 1, 2006 motion for partial summary judgment and defendant HSR & A's December 4, 2006 motion for summary judgment. The parties filed responses and reply briefs; and oral argument was heard February 15, 2007.

## BACKGROUND FACTS

This case involves a dispute over sales commissions. Plaintiff Votar is an independent sales representative firm in the automotive industry. Defendant HSR & A is a South Korean company with factories located in South Korea and Alabama.

In 2001 Votar and HSR & A entered into an Exclusive Sales Representative Agreement ("ESRA") pursuant to which Votar was to be HSR & A's exclusive sales representative for the North American territory for at least five years. HSR & A agreed to pay sales commissions to Votar on all of its sales, whether direct or indirect, to customers located in North America. HSR & A also agreed not to sell its products in North America through any other sales representatives.

In 2002 HSR & A sought to renegotiate the terms of the contract. Plaintiff alleges that after months of negotiations, the parties were not able to reach an agreement to modify or terminate the ESRA; Defendant contends that they did reach an agreement.

In January 2003 HSR & A hired Votar's key employee, Keon Ho Lee. Plaintiff alleges that in doing so, Defendant breach the ESRA and tortiously interfered with the written Employment Agreement between Votar and Mr. Lee. HSR & A claims that it hired Mr. Lee at Plaintiff's suggestion.

## PROCEDURAL HISTORY

Votar filed this suit in Wayne County Circuit Court on October 29, 2003. The original complaint included claims against HSR & A for breach of contract and tortious interference with the Employment Agreement between Votar and Mr. Lee. It also included a request for injunctive relief against Mr. Lee, seeking to enforce the non-compete provisions of his Employment Agreement. Defendants removed the case to this court November 26, 2003. However, because plaintiff Votar and defendant Lee were both Michigan citizens, the court remanded the case September 24, 2004, for lack of federal subject matter jurisdiction based on diversity. After remand, the state court determined that all of the claims against defendant Lee were subject to an arbitration agreement; and Lee was dismissed from the case. Defendant HSR & A subsequently removed the case again. Plaintiff's August 4, 2005 First Amended Complaint alleges the following causes of action: Count I, breach of the ESRA; Count II, declaratory judgment that HSR & A has continuing liability for future sales commissions; Count III, tortious interference with the employment contract between Plaintiff and Mr. Lee; Count IV, violation of Michigan Sales Representative Commissions Act, seeking penalty damages and attorney fees.

## STANDARD OF REVIEW

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

## LAW AND ANALYSIS

Having read the voluminous briefs submitted by the parties and having heard oral argument on the issues presented, the court finds that there are many genuine issues of material fact in this case, including: whether the parties reached an agreement to terminate the ESRA, whether Defendant has continuing liability for future sales, whether Plaintiff was the first to breach the ESRA by being the sales representative for Defendant's competitor for similar auto parts, and whether Defendant's hiring of Mr. Lee interfered with Plaintiff's employment agreement with him. Because of the genuine issues of material fact, neither party is entitled to summary judgment.

## ORDER

It is hereby **ORDERED** that Plaintiff's December 1, 2006 motion for partial summary judgment is **DENIED.**

It is further **ORDERED** that Defendant's December 4, 2006 motion for summary judgment is **DENIED.**

s/John Corbett O'Meara  
United States District Judge

Dated: February 15, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 15, 2007, by electronic or ordinary mail.

s/William Barkholz  
Case Manager