UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVSION

F I L E D
JAN - 2 2008
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

VOTAR, L.L.C.,

    Plaintiff,

vs.

HS R & A CO., LTD.,

    Defendant.

Case No. 05-60125

Hon. John Corbett O'Meara
Magistrate Judge Virginia M. Morgan

---

Randall J. Gillary (P 29905)
Kevin P. Albus (P 53668)
Randall J. Gillary, P.C.
Counsel for Plaintiff
201 W. Big Beaver Rd., Ste. 1020
Troy, MI 48084
(248) 528-0440

John A. Libby (P 33641)
Law Offices Of John A. Libby, P.C.
Counsel for Defendant
34034 Charlotte
Sterling Heights, MI 48312
(586) 795-9216

Steven Susser (P52940)
David Poirier (P62928)
Sara K. MacWilliams (P67805)
Young & Susser, P.C.
Counsel for Defendant
26200 American Drive, Ste. 305
Southfield, MI 48034
(248) 353-8620

---

## JUDGMENT ON JURY VERDICT

WHEREAS A jury trial having been conducted in this matter; and on December 5, 2007, the jury returned a verdict finding that:

1. The date on which the Exclusive Sales representative Agreement ended was April 9, 2006;

2. Plaintiff Votar, L.L.C. ("Votar") is awarded damages for its breach of contract claim through September 30, 2007, of $3,110,912.49, and that said amount

includes the $100,000 penalty under the Michigan Sales Representatives Commission Act;

3. Defendant HS R&A Co., Ltd ("HS R&A") intentionally failed to pay commissions to Votar; and

4. Votar is entitled to post-termination commissions under the Exclusive Sales Representative Agreement for certain HS R&A and HS Automotive Alabama, Inc. ("HS AA") sales.

IT IS HEREBY ORDERED that JUDGMENT be, and the same hereby is, entered in favor of Plaintiff in this matter, as follows:

- **Count I – Breach of Exclusive Sales Representative Agreement by HSRA** – Judgment is hereby entered against Defendant and in favor of Plaintiff in the amount of $3,010,912.49 for damages through September 30, 2007.

- **Count II – Declaratory Judgment** – Judgment is hereby entered against Defendant and in favor of Plaintiff with regard to Defendant's continuing liability to Votar, L.L.C., subsequent to September 30, 2007, for sales commissions on all products sold in North America (except for sales to Mando Machinery or Halla Climate Control) by HS R&A Co., Ltd. and HS Automotive Alabama, Inc., as follows pursuant to Section E.3. of the Exclusives Sales Representative Agreement:

    (a) For purchase orders and/or awarded business which are in effect as of April 9, 2006, and purchase orders received thereafter for the same product, program or parts, for the life of the program and life of the part, at the commission rate set forth in Section D.1. of the Exclusive Sales Representative Agreement; and,

    (b) For purchase orders and/or awarded business which are in effect after April 9, 2006, for which the issuing of a request for quotation was obtained by Votar prior to April 9, 2006, for the life of the program and the life of the part, at one-half (1/2) the commission rate set forth in Section D.1. of the Exclusive Sales Representative Agreement.

2

The sales commissions due pursuant to this portion of the Judgment shall be paid by Defendant on a monthly basis, by wire transfer, on or before the 25th day of each month, in accordance with Section D.3. of the Exclusive Sales Representative Agreement.

- **Count III – Tortious Interference With Contract By HSRA** – No judgment is entered with regard to this issue, as the jury did not reach this issue, and did not render a verdict on this issue.

- **Count IV – Violation of the Michigan Sales Representatives Commission Act** – Judgment is hereby entered against Defendant and in favor of Plaintiff in the amount of $100,000 for penalty damages pursuant to M.C.L. 600.2961(5)(b).

- **Interest** – Judgment is hereby entered against Defendant and in favor of Plaintiff in the amount of $705,110.11 for pre-judgment interest through December 20, 2007, pursuant to M.C.L. 600.6013(8), with additional pre-judgment interest accruing at the rate of $596.15 per day until the date this Judgment is entered. After the date of entry of this Judgment, post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961, until such time as the Judgment is paid in full.

IT IS FURTHER ORDERED that Plaintiff, as the prevailing party, is entitled to recover costs.

1.2.08
Dated

_____
United States District Judge

3