UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VOTAR, L.L.C.,

    Plaintiff,                                                                            Case No. 05-60125

v.                                                                                Hon. John Corbett O'Meara

HS R & A, LTD.,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR
STAY OF EXECUTION OF JUDGMENT PENDING DISPOSITION OF DEFENDANT'S
RULE 50 MOTION**

    Before the court is Defendant HS R & A's Emergency Motion to Stay Execution of Judgment Pending Disposition of Defendant's Federal Rules of Civil Procedure, Rule 50 Motion (Rule 50 Motion), filed January 10, 2008. Plaintiff Votar LLC (Votar), filed a brief in opposition on January 14, 2008. Defendant HS R& A replied on March 25, 2008.

    The parties have agreed to stay the proceedings while the court decides HS R & A's Rule 50 motion and, if necessary, during the pendency of an appeal of the court's decision regarding the Rule 50 motion. In dispute is whether a supersedeas bond is necessary during the pendency of the Rule 50 motion, and if so, how much that bond will entail. HS R & A argues that a bond is unnecessary because the court has discretion over whether to implement the posting of a supersedeas bond when it grants a stay in the execution of a judgment. See Barrett v. Detroit Heading, 2007 WL 2649714 *2 (E.D. Mich. 2007). In the alternative, HS R& A argues that a bond in the amount of $3,500,000 is appropriate to protect Votar's interests. Votar argues that a bond of $8,200,000 is appropriate because it should be protected for not only the judgment against it but also the interest that could accumulate during the pendency of an appeal in the

Sixth Circuit.

The motion comes after this court entered a judgment of more than $3.1 million in damages and $700,000 in prejudgment interest, in favor of Votar and against HS R & A on January 2, 2008. The court agrees with Votar that Defendant's bond figure is problematic. The figure of $3,500,000 is less than the damages HS R & A already owes. Further, HS R & A has already stated that it will appeal if its Rule 50 Motion is denied. Clearly, Defendant's proposed bond is less than adequate to provide Votar the appropriate security it is guaranteed in situations such as this. See Fed. R. Civ. P. 62(d); Hamlin v. Charter Township of Flint 181 F.R.D. 348, 351 (E.D. Mich. 1998) (bond requirement permits appellants to seek a stay while avoiding the risk of satisfying a judgment that can be reversed and protects non appealing parties by ensuring their damages if their judgment is upheld). Those protections should include the potential interest that could build on the judgment if this court's decision on a Rule 50 Motion is appealed to the Sixth Circuit.

Almost half of the amount requested for bond by Votar is based on projected commissions that are due in 2008 and 2009 to HS R & A. The commissions projections are based on HS R & A's monthly commission figures of $132,000 and totals more than $3.1 million dollars between 2008 and 2009. HS R& A replied that the figure is conjecture. The court disagrees. The figure is based on HS R & A's previous commission earnings and is necessitated by HS R & A's declaration that it will file an appeal if this court denies its Rule 50 Motion.

Accordingly, IT IS HEREBY ORDERED that HS R & A's January 10, 2008 Motion for an Emergency Stay of Execution of Judgment is GRANTED and that HS R & A post a supersedeas bond of $8,000,000 within 10 days of this order. FURTHER, the stay is conditioned

upon HS R & A providing a monthly report to Votar of the continuing sales commissions due

pursuant to the Judgment subsequent to September 30, 2007.


                                          s/John Corbett O'Meara
                                          United States District Judge


Date: April 23, 2008


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 23, 2008, by electronic and/or ordinary mail.


                                          s/William Barkholz
                                          Case Manager