UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VOTAR, L.L.C.,

      Plaintiff,                                 Case No. 05-60125

v.                                              Honorable John Corbett O'Meara

HS R & A, LTD.,

      Defendant.
                                           /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL AND/OR REMITTITUR**

This matter came before the court on defendant HS R&A's J Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial and/or Remittitur. Plaintiff Votar filed a response, and Defendant filed two response briefs. Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

**BACKGROUND FACTS**

In late November and early December 2007, a jury trial was conducted in this matter. On December 5, 2007, the jury returned its verdict and awarded plaintiff Votar all of the relief it had requested in its First Amended Complaint, its claim for past damages as well as continuing post-termination sales commissions. The court entered a Judgment on Jury Verdict January 2, 2008, awarding $3,110,912.49 in damages, including $100,000 in penalty damages for Defendant's intentional failure to pay commissions.

Defendant's motion sets forth alternative requests for relief based on Rule 50(b) and Rule 59(a) of the Federal Rules of Civil Procedure. Defendant HS R&A argues that it is entitled to judgment as a matter of law, a new trial or remittitur on Votar's contract-based claims, Counts I, II and IV; that the verdict amount is unsupported by the evidence; and that it is entitled to judgment as a matter of law on Plaintiff's tortious interference with contract claim, Count III.

## STANDARD OF REVIEW

When reviewing a Rule 50(b) motion based on questions of the sufficiency of evidence to support the jury's findings, the trial court must apply state law. K & T Enter., Inc. v. Zurich Ins. Co., 97 F.3d 171, 176 (6th Cir. 1996). The standard of review is the same standard previously applied to motions notwithstanding the verdict ("JNOV"). Black v. Ryder/P.I.E. Nationwide, Inc., 15 F.3d 573, 583 (6th Cir. 1994). When ruling on a motion for JNOV, Michigan law requires the court to determine whether the party opposing the motion offered evidence on which reasonable minds could differ. "The test is whether, viewing the evidence in the light most favorable to the [non-moving] party, reasonable persons could reach a different conclusion. If so, the case is properly left to the jury to decide." Smith v. Jones, 246 Mich. App. 270, 273-74 (2001).

Under Rule 59(a), "[A] new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias." Holmes v. City of Massillon, 78 F.3d 1041, 1045-46 (6th Cir. 1996). "[A] jury's verdict should not be overturned as being against the weight of the evidence unless that verdict was unreasonable." Id. at 1047. A verdict is not excessive unless

it exceeds the maximum that the jury could reasonably find to be compensatory for the plaintiff's loss. Skalka v. Fernald Envtl. Restoration Mgmt. Corp., 178 F.3d 414, 424-25 (6th Cir. 1999).

## LAW AND ANALYSIS

Defendant HS R&A first argues that Votar failed to present evidence of an essential element of its breach of contract case, that Votar performed its own obligations under the parties' agreement. Defendant also asserts that the evidence was insufficient to prove a breach of the agreement and that because evidence established that HS Automotive Alabama ("HSAA") sales originated outside the territory, the jury could not have found that HS R&A breached the agreement by not paying commissions for those sales.

The court finds that there was sufficient evidence and testimony submitted to the jury to demonstrate that Votar performed its obligations under the agreement. Evidence was presented through the trial testimony of both Mr. Lee and Mr. Ulrich, along with numerous documents admitted into evidence. Likewise, those two witnesses provided testimony to show that HS R&A committed the first substantial breach of the agreement. Based on the evidence admitted, a reasonable jury could have found that when HS R&A hired Mr. Lee, stopped communicating with Votar, and began informing accounts that Votar was no longer involved, it rendered impossible Votar's continued performance under the agreement. Once HS R&A committed the first substantial breach of the agreement, Votar was excused from further performance. See Blazer Foods, Inc. v. Restaurant Props., Inc., 259 Mich. App. 241, 251 n.7 (2003).

As for the HSAA sales commissions, the jury reasonably rejected Defendant's argument that "normal commission(s)" were limited to commissions on sales which resulted in whole or in part from the activities or services performed by Votar. The plain language of the agreement indicates

that Votar was to be paid sales commissions on all of HS R&A's sales, whether direct or indirect, in the North American territory. Although the agreement failed to expressly define the phrase "normal commission(s)," it was reasonable for the jury to render a verdict consistent with Votar's interpretation of the agreement. In addition, HS R&A's interpretation of the agreement would have rendered the exclusivity provisions of the agreement meaningless. The language of the agreement left little doubt that the parties intended that HS R&A would not be competing with Votar to procure sales in the North American territory.

The jury's award of damages relative to the sales of HSAA was also reasonable. The agreement specifically provided that it was applicable to all subsidiaries, affiliates and divisions of HS R&A; and evidence was submitted to show that HSAA is a subsidiary of HS R&A. Moreover, Votar presented evidence to the jury that HSAA sales were not carryover business that originated outside North America.

HS R&A also argues that it is entitled to judgment as a matter of law on Votar's tortious interference with contract claim; however, the evidence presented at trial supported Votar's contention that it was HS R&A who instigated Mr. Lee's breach of the employment contract. When the evidence is viewed in a light most favorable to Votar and all reasonable inferences are drawn in favor of Votar, it is clear that sufficient evidence was presented to the jury to support the tortious interference claim.

Finally, Defendant argues that the judgment should be reduced by $2,213.55 with regard to the breach of contract claim, Count I. Plaintiff Votar concedes that it discovered a mathematical error in its calculation of the commissions due on the HSAA sales included in many of the exhibits.

According, Votar agrees that the judgment should be amended to provide for damages in the amount of $3,008,698.94 for Count I.

**ORDER**

It is hereby **ORDERED** that defendant HS R& A's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial and/or Remittitur, is **GRANTED IN PART** only to reflect the correct amount of damages for Count I.

It is further **ORDERED** that defendant HS R& A's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial and/or Remittitur, is **OTHERWISE DENIED.**

                                              s/John Corbett O'Meara
                                              United States District Judge

Date: September 11, 2008

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 11, 2008, by electronic and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager