UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VOTAR, L.L.C.,

    Plaintiff,

Case No. 05-60125

v.

Honorable John Corbett O'Meara

HS R & A, LTD.,

    Defendant.
    _____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFF VOTAR'S
MOTION FOR ATTORNEY FEES AND
GRANTING IN PART PLAINTIFF'S MOTION FOR ADDITIONAL COSTS**

This matter came before the court on plaintiff Votar's motion for attorney fees and its motion for additional costs. Defendant filed response briefs to the motions, and Plaintiff filed reply briefs. Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

**BACKGROUND FACTS**

In late November and early December 2007, a jury trial was conducted in this matter. On December 5, 2007, the jury returned its verdict and awarded plaintiff Votar all of the relief it had requested in its First Amended Complaint, its claim for past damages as well as continuing post-termination sales commissions. The court entered a Judgment on Jury Verdict January 2, 2008, awarding $3,110,912.49 in damages[1], including $100,000 in penalty damages for Defendant's intentional failure to pay commissions.

---

[1] The amount has since been reduced by $2,213.55 pursuant to the court's order filed concurrently with this order.

In its motion for attorney fees, plaintiff Votar requests a total of amount of $329,777.50, which includes $400 per hour for 485.65 hours' service provided by attorney Randall J. Gillary and $250 per hour for 542.07 hours provided by attorney Kevin P. Albus.

In its subsequent motion for additional costs, plaintiff Votar requests additional costs in the amount of $4,109.20 for interpreters/translators in connection with the depositions of Mr. Lee and Mr. An and in connection with having the videotaped deposition of Mr. An available at trial.

## **LAW AND ANALYSIS**

Subsection (6) of the Michigan Sales Representatives Commission Act ("SRCA") provides the following:

> (6) If a sales representative brings a cause of action pursuant to this section, the court shall award to the prevailing party reasonable attorney fees and court costs.

Subsection (1)(c) of the SRCA defines "the prevailing party" as follows:

> (c) "Prevailing party" means a party who wins on all the allegations of the complaint or on all of the responses to the complaint.

In its response brief, defendant HS R&A acknowledges that plaintiff Votar is entitled to attorney fees in this case but objects to the amount of fees "allegedly incurred by Votar as grossly excessive." Defendant's resp. br. at 1. In addition, Defendant seeks to reduce Plaintiff's counsel's claimed fees incurred prior to the removal of this action to this court on May 10, 2005. Id. at 3.

The SRCA provides for "reasonable" attorney fees. The hourly fees claimed by attorneys Gillary and Albus are $400 and $250 per hour, respectively. Although Plaintiff's counsel's performance cannot be questioned, as the jury awarded Plaintiff every penny of damages it sought, the hourly rates requested appear to be high for this vicinity. Therefore, the court will award fees in the amount of $325 per hour for Mr. Gillary and $200 for Mr. Albus. The court will not,

2

however, reduce the claimed fees to exclude those incurred prior to May 10, 2005, as requested by defendant HS R&A.

In its motion for additional costs, plaintiff Votar requests an award for the costs for translators at the depositions of Young-Gun An and Keon Ho Lee, additional costs relative to the videotaping of the deposition of Mr. An, and the costs incurred to have the videotaped deposition of Mr. An available to be played for the jury. The total amount requested is $4,109.20.

Defendant objects to $1,430 in video technician costs. Ultimately, the technician was not used to operate video equipment in the courtroom; rather, the technician read the deposition transcript. Reading the deposition could have been accomplished by anyone on Plaintiff's counsel's staff, rendering the $715 per day fee unnecessary. Therefore, the court will reduce the amount of additional costs by $1,430.

## ORDER

It is hereby **ORDERED** that plaintiff Votar's motion for attorney fees is **GRANTED IN PART**.

It is further **ORDERED** that plaintiff Votary's motion for additional costs is **GRANTED IN PART.**

s/John Corbett O'Meara
United States District Judge

Date: September 17, 2008


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 17, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager