UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VOTAR, L.L.C.,

    Plaintiff,                                      Case No. 05-60125

v.                                                Honorable John Corbett O'Meara

HS R & A, LTD.,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S FEBRUARY 6, 2009**
**MOTION FOR ENTRY OF FINAL JUDGMENT**

This matter came before the court on defendant HS R&A's February 6, 2009 Motion for Entry of a Final Judgment. Plaintiff Votar filed a response February 19, 2009; and Defendant filed a reply March 2, 2009. No oral argument was heard.

Defendant moves to dismiss as moot Count III of the First Amended Complaint pursuant to Rule 12(b)(1), or, in the alternative, for issuance of a certification of Counts I, II and IV pursuant to Rule 54(b).

On December 5, 2007, the jury rendered a verdict in this case in favor of plaintiff Votar on Counts I, II, and IV, and awarded $3,110,912.49 in damages. The jury did not complete the portion of the jury verdict form pertaining to Count III. Throughout this litigation, plaintiff Votar made it clear that Counts I and II of the First Amended Complaint, which were based on a breach of contract theory, and Count III, which was based on a tortious interference with contract theory, set forth alternative theories of recovery for the same alleged damages--damages in an amount equal to the

sales commissions which HS R&A had failed to pay Votar under the terms of the Exclusive Sales Representative Agreement.

When this matter was tried before the jury in November and December 2007 [*sic*], the jury was instructed as to the alternative nature of Votar's theories. The court explained to the jury that if it awarded Votar the full measure of its damages with regard to Counts I and II, the jury was not to consider the tortious interference claim set forth in Count III. Indeed, the express language of the verdict form also made it clear that Count III set forth an *alternative* theory of recovery and that the jury was not to enter a verdict on Count III if it had awarded Votar all of its requested damages in connection with Counts I and II.

In this motion Defendant expresses its concern that the United States Court of Appeals for the Sixth Circuit, to which Defendant has filed an appeal, will not recognize the Second Amended Judgment, entered October 10, 2008, as a final judgment for appeal purposes. However, because it was understood by the parties, the court, and the jury that Count III was merely an alternative theory for recovery, the court finds that it is not necessary to dismiss Count III as requested by Defendant. Likewise, the court need not grant Defendant's request for Rule 54(b) certification.

## ORDER

It is hereby **ORDERED** that Defendant's February 6, 2009 Motion for Entry of a Final Judgment is **DENIED.**

s/John Corbett O'Meara<br>
United States District Judge

Date: April 17, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 17, 2009, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager